The bill states that, in 1839, the defendants, who were merchants residing in the State of Alabama, applied to the testator, Joseph Whitty, to aid them in obtaining a loan of money from the Bank of New Bern, for the use of the firm; to which he agreed, and a note for $5,000 was drawn and discounted at the said bank, for the sole use and benefit of the defendants. In said note the testator was made the principal and the said Jones and Ferrand signed as sureties, and this form was adopted, as the bank refused to loan the money unless they procured some responsible person, resident within the State and subject to their control, and who would regularly attend to the renewal of the note. The plaintiff avers that although his testator was, upon the face of the note, the principal, yet in fact and in truth Jones and Ferrand were the principals, and that he was their surety. That the note bore date 13 May, 1839, was duly discounted, and the proceeds drawn by G.W. Ferrand and applied to the use of the firm. The bill further charges that Joseph Whitty renewed the note as principal, from time to time, as it fell due, up to the time of his death in 1843, and that he paid out of his own funds the necessary installments, which in the whole (76) amounted to the sum of $1,258.40, towit, one payment on 18 December, 1839, of $745.09; on 20 April, 1841, of $477.52; and on 6 August, 1842, $30.43, and that no part of these sums was repaid to the testator, Joseph Whitty; but that G.W. Ferrand is entirely *Page 52 
insolvent, and Edward S. Jones alleges that the note was discounted for the sole benefit of Ferrand, and that he was a cosurety on it with Joseph Whitty; which is denied. The bill prays and account and that the defendants may be decreed to repay to the plaintiff the money so advanced by his testator for their use and benefit. The answer of Ferrand states that some time in 1838 or 1839, being in the State of North Carolina, and in need of money, he applied to Joseph Whitty to aid him in procuring a loan from the New Bern Bank, to which he agreed; a note was drawn for the sum of $5,000, in which Whitty was the principal, because the defendant Ferrand did not reside within the State. The note was discounted for his sole use and benefit, and the proceeds drawn by him. That at that time E. S. Jones, the other defendant, was not in the State, but executed it afterwards, and as a cosurety with Joseph Whitty, for him. It further states, when the note was drawn and discounted he and Jones were not engaged in trade as copartners, and not until 1841 did they enter into partnership.
E. S. Jones in his answer states that an arrangement was made between Whitty and Ferrand to procure the discount of a note while he was out of the State, but, upon his return, he did execute it, at the request of the deceased, Joseph Whitty, and as his surety, he being the principal therein; that it was discounted, but who drew the proceeds, or how they were applied, he does not know; but he denies that the note was executed or discounted for his benefit or that of the firm of Ferrand Jones, or that any part of the proceeds were so applied. The firm of Ferrand Jones was not formed until near two years after the (77) execution of the note, towit, in 1841. He denies that he was bound to furnish any portion of the funds for the renewal of said note, or that the testator so considered him, as the latter was his agent and attorney, from the time the note was discounted up to the time of his death, to sell his crops and receive the proceeds; and during the whole time the note was in bank had in his hands funds for the defendant, which he might have applied if he had considered him bound to pay the renewals, but that said Whitty, as he is informed, paid the money out of his own resources. He admits that after the death of Whitty he did renew the note, for the reason that Whitty's executor had neglected to do so, and his codefendant was in another State, and entirely insolvent, and it was more convenient to pay it in that way.
The plaintiff has placed his claim to relief upon the allegation that the money was borrowed from the Bank of New Bern for *Page 53 
the use of the firm of Jones Ferrand, and to enable them to go into business in the State of Alabama, and that he was made a principal on the note only because he was a resident of this State, and therefore within reach of the bank, but that Jones Ferrand were in fact the principals, and he was their surety. The answers deny the allegation, and the proofs do not sustain it. The note in controversy, as charged in the bill, was executed on 13 May, 1839, and according to the testimony of Mr. Wapples and Mr. Stockton the firm of Jones Ferrand was not formed until January, 1841, near two years thereafter. It could not, therefore, have been made and discounted for the use of the firm. But, if made for the use of Jones and Ferrand, individually, and the testator was their joint surety, the plaintiff is entitled to the money paid him in renewing the note. The testimony upon which the plaintiff relies is contained in the depositions of Mr. Perkins, a (78) director of the Bank of New Bern at the time the note was discounted, of Mr. Clark, the teller, and of Mr. McDaniel and Mr. Simmons. The first named witness states it as his belief that the note was discounted for the benefit of E. S. Jones and George W. Ferrand, and that such was the impression of the board. The others testify to conversations with Jones on the subject, at different times. Mr. Clark states that before Whitty's death, Jones told him it was his debt, and not Mr. Whitty's and that the latter signed it as principal at his request. In the same deposition, however, the witness states that the proceeds of the note were placed to the credit of G. W. Ferrand, who told him the money was to pay a claim against him in the New Bern branch of the Bank of the State. McDaniel states that Jones told him that the debt was his, and that he would attend to it, and that Whitty did not owe a cent of it, and Mr. Simmons' statement in substances is that he heard Jones admit the debt was his.
Admit all that the three last witnesses state to be true, it only tends to show the debt to be E.S. Jones', and that Whitty and Ferrand were cosureties. But it is not upon this ground that the plaintiff puts his case. His allegation is that Ferrand and Jones were the principals, and he was their surety. That Mr. Perkins' impressions were not correct is proved, not only by the fact proved by Mr. Clark, the teller, that the proceeds were placed to the credit of Ferrand, but the latter is sustained by the testimony of Mr. Sloane. He was also a director of the New Bern Bank at the time the note was discounted. He tells us that on the discount night it was stated to the board of directors by Mr. Guion, the cashier, that Mr. George W. Ferrand wished to borrow a sum of money, giving as his sureties Mr. Jones and Mr. Whitty, and the bank refused the loan unless Mr. Whitty, or some other responsible person residing in the State, would sign it as principal. Mr. Perkins' (79) *Page 54 
testimony cannot, therefore, be considered sufficient to sustain the plaintiff on the ground upon which he requests the interference of this Court.
We think the deposition of Mr. Roberts, the cashier of the branch of the Bank of the State, exhibits this transaction in its true light. It appears from it that George W. Ferrand, who was the stepson of the testator, Whitty, was largely indebted to that bank upon notes discounted in 1837, and that Joseph Whitty and E. S. Jones, one of these defendants, were his sureties. On 14 May, 1839, the day the note in question was discounted, Joseph Whitty paid off the note due in the State Bank, and Mr. Clark, the witness of the plaintiff, states that Mr. Ferrand told him at the time the note was discounted that he wanted the money to pay off a debt he owed in the New Bern branch of the Bank of the State. This discloses the object of the parties in procuring the loan from the New Bern Bank. Ferrand was largely indebted to the Bank of the State, and Whitty and Jones were his sureties, and it is not very likely that Jones would be willing, in changing the debt from one bank to the other, to change, at the same time, his relative position, and from a surety become a principal; but we are not called on to decide this question. Whether the testator and Jones were the joint sureties of Ferrand in the note discounted in the New Bern Bank, or whether, if so, upon an account taken, anything would be due to the estate of the testator, are questions which do not arise here. This is not a bill for contribution, but simply to recover from the defendants a sum of money paid for them on their account and at their request, a claim for which a court of common law is competent to give relief. The plaintiff has not proved the allegations of his bill, and it must be dismissed with costs.